UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| SHANE GERKE<br>Plaintiff,<br><br>v.<br><br>21st MORTGAGE<br>CORPORATION<br>Defendant. | Case No.<br>Hon.<br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT AND JURY DEMAND

*Shane Gerke states the following claims for relief:*

### JURISDICTION

1. Jurisdiction of this Court arises pursuant to 47 U.S.C. § 227 (b)(3).

2. This action arises out of Defendants' violations of the Telephone Consumer Protection Act ("TCPA").

3. Venue is proper in this Court because the acts and transactions occurred in South Rockwood, Monroe County, Michigan ("here"), plaintiff resides here, and defendant transacts business here.

### PARTIES

4. The plaintiff to this lawsuit is Shane Gerke who resides in South Rockwood, Monroe County, Michigan.

5. The defendant to this lawsuit is 21st Mortgage Corporation, a Delaware corporation headquartered in Tennessee that underwrites, originates, and services mortgage loans.

### FACTUAL ALLEGATIONS

6. Plaintiff has a telephone number (810-348-5192) that is assigned to a cellular telephone service.

7. In 2006, plaintiff obtained a second mortgage in 2006 through GMAC for a house that his family lives in.

8. Sometime after that date, GMAC assigned or transferred the mortgage or the servicing rights to the mortgage to defendant.

9. On August 16, 2010, plaintiff filed Chapter 7 Bankruptcy in the Eastern District of Michigan Federal Bankruptcy Court in Flint, Michigan 10-34467-dof.

10. Plaintiff did not reaffirm the second mortgage debt.

11. Plaintiff received a discharge of all debts on November 17, 2010.

12. Subsequent to discharge, defendant called plaintiff's cell phone using an automated telephone dialing system from 1-865-292-2120.

13. When defendant made calls to 810-348-5192, it was intending to reach defendant and was intending to collect, assess or recover a claim against plaintiff.

14. When plaintiff answered the call there was a pause and then a person came onto the line.

15. Subsequent to the filing of the bankruptcy, the prior express consent previously given was nullified by operation of law.

16. When a bankruptcy is filed, a form (B9A) is sent automatically by the Bankruptcy Noticing Center in Herndon Virginia that lists examples of prohibited actions that, "include contacting the debtor by telephone, mail, or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor;

repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages."

17. 11 U.S.C. § 362(a)(6) states that a petition…..operates as a stay, applicable to all entities of – any act to collect, assess or recover a claim against the debtor that arose before the commencement of the case.

*Defendant's willful and/or knowing acts under the TCPA*

18. Defendant made over 100 calls to plaintiff including (but not limited to) those listed below:

| Date | Time |
|---|---|
| March 13, 2014 | unknown |
| March 14, 2014 | 4:03pm |
| March 17, 2014 | unknown |
| March 18, 2014 | unknown |
| March 19, 2014 | unknown |
| March 20, 2014 | unknown |
| March 21, 2014 | 9:32am |
| March 24, 2014 | 3:22pm |
| March 25, 2014 | 11:25am |
| March 26, 2014 | 10:32am |
| April 10, 2014 | 3:46pm |
| April 11, 2014 | 3:20pm |
| April 14, 2014 | 6:11pm |
| April 15, 2014 | 1:00pm |
| April 16, 2014 | 3:29pm |
| April 17, 2014 | 1:42pm |
| April 18, 2014 | 10:05am |
| April 21, 2014 | 3:10pm |
| April 22, 2014 | 1:01pm |
| April 23, 2014 | 10:45am |
| April 24, 2014 | 10:15am |
| April 25, 2014 | 12:50pm |
| April 26, 2014 | 10:26am |
| April 28, 2014 | 11:39am |
| April 28, 2014 | 3:13pm |
| May 15, 2014 | 12:27pm |
| May 16, 2014 | 7:01pm |
| May 19, 2014 | 6:19pm |
| May 20, 2014 | 5:45pm |

      May 21, 2014        7:54pm
      May 22, 2014        7:42pm
      May 23, 2014        3:11pm

19. Plaintiff seeks damages for each and every call to his cell phone, not simply those in which plaintiff has evidence of receipt. Defendants outgoing call records will establish the calls made by defendant.

## CAUSES OF ACTION
## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## U.S.C. § 227 (b)(3)(B)

20. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

21. On information and belief, defendant used an automatic telephone dialing system as defined by 47 USC § 227 (a)(1) when it made each and every call to plaintiffs cell phone in the last four years.

22. Defendant left prerecorded messages when it called plaintiff.

23. Defendant did not have plaintiff's prior express permission prior to call his cell phone number after the date of the filing of the bankruptcy petition.

24. Defendants calls to plaintiff were made because it was attempting to collect a debt.

25. Defendants intended to call plaintiff when it made calls to his cell phone number.

26. Defendant made the calls to plaintiff willfully.

27. Defendant made the calls to plaintiff knowingly.

28. Defendant's acts in making the calls to plaintiff were not accidental.

29. Plaintiff has been damaged by the above acts.

## COUNT III

## INJUNCTIVE RELIEF
## U.S.C. §227(b)(3)(A)

30. Plaintiff incorporates by reference each and every allegation within this Complaint.

31. Plaintiff requests that this Court grant it injunctive relief preventing defendant, agents, employees, representatives or defendant's successors and assigns from taking any acts that violate the Telephone Consumer Protection Act.

## JURY DEMAND

Plaintiff demands a trial by jury.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. §227(b)(3)

- damages pursuant to 47 U.S.C. § 227 (b)(3)(B) for each and every call in the amount of $1,500 for each such act that this Court finds were made willfully <u>or</u> were made knowingly; o

- $500 for each and every call made that this court deems not to have been made willfully or not have been made knowingly.

- such other relief as the Court may deem just and proper.

## COUNT II
## INJUNCTIVE RELIEF
## U.S.C. §227(b)(3)(A)

- for an order enjoining defendant from committing any act that would violate any provision of the TCPA.

Respectfully submitted,

Dated: July 23, 2014

*Andrew L. Campbell*
Andrew L. Campbell

                                                1000 Beach St., Suite B  
                                                Flint, MI 48502  
                                                (810) 232-4344  
                                                hundy24@yahoo.com  
                                                P64391

Attorney for Plaintiff

2:14-cv-12889-DPH-MJH   Doc # 1   Filed 07/23/14   Pg 6 of 6   Pg ID 6